Yongmoon Kim, Esq.
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 200
Hackensack, New Jersey 07601
Tel. & Fax: 201-273-7117

Philip D. Stern, Esq.
Andrew T. Thomasson, Esq.
STERN•THOMASSON LLP
2816 Morris Avenue, Suite 30
Union, NJ 07083-4870
Telephone: (973) 379-7500

*Attorneys for Plaintiff, Thomas O'Donnell, and
all others similarly situated*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS O'DONNELL, an individual; on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> JAFFE & ASHER LLP, a New York Limited Liability Partnership; and JOHN AND JANE DOES 1 THROUGH 25, <br><br> Defendant. | Case No.: <br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, THOMAS O'DONNELL ("Plaintiff") on behalf of himself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of Defendants, JAFFE & ASHER LLP ("JAFFE") and JOHN AND JANE DOES 1 THROUGH 25 (collectively "Defendants"), and alleges the following:

## I.  PARTIES

1.      Plaintiff is a natural person.

2.      At all times relevant to this lawsuit, Plaintiff was a citizen of the State of New Jersey and resided in Bergen County, New Jersey.

3.      At all times relevant to this lawsuit, JAFFE is a for-profit Limited Liability Partnership existing pursuant to the laws of New York.

4.      Plaintiff is informed and believes, and on that basis alleges, that JAFFE maintains its principal business address at 600 Third Avenue, City of New York, New York.

5.      Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

6.      The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted, and, with knowledge that such practices were contrary to law, acted consistent with, oversaw, and engaged in the illegal policies and procedures, used by themselves and JAFFE employees that are the subject of this complaint. Those Defendants personally control and engaged in the illegal acts, policies, and practices utilized by JAFFE and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## II.  JURISDICTION & VENUE

7.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.      Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b)

because a substantial part of the events giving rise to the claims of Plaintiff occurred within this federal judicial district, and because the Defendants are subject to personal jurisdiction in the State of New Jersey at the time this action is commenced.

### III.  PRELIMINARY STATEMENT

9.     Plaintiff, on his own behalf and on behalf of the class he seeks to represent, brings this action for the illegal practices of Defendants which include, *inter alia*, using false, deceptive, misleading, unfair, and unconscionable practices in connection with their attempt to collect an alleged debt from Plaintiff and others.

10.     Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

11.     The FDCPA regulates the behavior of debt collectors attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. §§ 1692(a) & 1692(b). Consequently, Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010) (internal quotes omitted); 15 U.S.C. § 1692(e).

12.     The Act is not concerned with whether the consumer owes the debt, rather, "[a] basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil

manner." *FTC v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d Cir. 2007)(internal citations omitted).

13.     "Congress also intended the FDCPA to be self-enforcing by private attorney generals." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004).

14.     The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," *Brown v. Card Serv. Ctr*, 464 F.3d 450, 453n1 (3d Cir. 2006). In this way, "the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). For example, a "debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* at 455.

15.     Except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011) (citing in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

16.     In prohibiting deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); threatening to take any action that cannot be legally taken or that is not intended to be taken, 15 U.S.C. §1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. §1692e(10).

17.     To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt

and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f(1)-(8). Among these *per se* violations prohibited by that section are: collecting an amount not authorized by contract or permitted by law, 15 U.S.C. § 1692f(1); and using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business, 15 U.S.C. § 1692f(8).

18.     A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called "statutory damages") up to $1,000.00, and attorney's fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973).

19.     The FDCPA also provides for class relief "capped" at the lesser of $500,000 or 1% of the debt collector's net worth. 15 U.S.C. § 1692k(a)(2)(B). "Representative actions, therefore, appear to be fundamental to the statutory structure of the FDCPA." *Weiss,* 385 F.3d at 345. Indeed, while limiting class relief, Congress nevertheless recognized the effectiveness of class actions to enforce the FDCPA and, therefore, mandated that a class action should be maintained "without regard to a minimum individual recovery." *Id.* When a debt collector opposes class certification based on its minimal or negative net worth, "there is a chance that no claims would proceed against Defendant due to a lack of financial incentive, thereby leaving unpunished allegedly thousands of FDCPA violations. Lacking this procedural mechanism, meritorious FDCPA claims might go unredressed because the awards in an individual case might be too small to prosecute an individual action." *Weiss,* 385 F.3d at 345 (internal citations

omitted).

20.     The Plaintiff seeks statutory damages, attorney's fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. The Plaintiff requests an award of statutory, common law, punitive, and/or actual damages payable by Defendants.

### IV.  FACTS CONCERNING PLAINTIFF

21.     Sometime prior to February 28, 2014, Plaintiff allegedly incurred and defaulted on financial credit card obligations allegedly due and owing to American Express ("Amex Obligations").

22.     The Amex Obligations arose out of a transaction in which the money, property, insurance, or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

23.     At some point after Plaintiff's alleged default, the creditor of the Amex Obligations determined that the debts were uncollectable, and therefore decided to "charge-off" the debts.

24.     Creditors charge-off debts in accordance with federal regulations that permit the creditor to remove the debt from their financial records. *See* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes) when no payment has been received for 180 days."). These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

25.     Plaintiff is informed and believes, and on that basis alleges, that after concluding that the Amex Obligations were in default the creditor charged-off the account.

26.     The alleged Amex Obligations are "debts" as defined by 15 U.S.C. §1692a(5).

27.     Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

28.     Plaintiff is informed and believes, and on that basis alleges, that sometime prior to February 28, 2014, the creditor of the Amex Obligations either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to JAFFE for collection.

29.     JAFFE is a law firm staffed with attorneys that collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

30.     JAFFE is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

31.     JAFFE contends that the Amex Obligations are in default.

32.     On February 28, 2014, JAFFE, on behalf of the creditor of the Amex Obligations, filed two suits against Plaintiff, which were filed in New Jersey Superior Court of Camden County, and which were styled as *American Express v. Thomas O'Donnell*, Docket No. CAM-DC-002181-14 and *American Express v. Thomas O'Donnell*, Docket No. CAM-DC-002183-14 ("Amex Collection Lawsuits").   Amex Collection Lawsuits resulted in default judgments. However, the parties to the Amex Collection Lawsuits later settled.

33.     On November 11, 2014, JAFFE e-mailed Plaintiff's counsel in the Amex Collection Lawsuits collection letters reflecting settlements of the Amex Obligations, which are dated November 11, 2014 ("11/11/2014 Letters"). A true and correct copy of the 11/11/2014 Letters is attached hereto as ***Exhibit A***, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers and Plaintiff's home address in an effort to protect Plaintiff's privacy.

34.    Pursuant to the 11/11/2014 Letters, JAFFE offered to settle the Amex Obligations, and dismiss its lawsuit against Plaintiff, in exchange for Plaintiff's agreement to pay $6,382.82 and $7,172.18, respectively.

35.    The 11/11/2014 Letters state, in relevant part:

> American Express **is required** to file a form **1099C** with the Internal Revenue Service **for any cancelled debt $600 or more**. (Emphasis added).

36.    The 11/11/2014 Letters were drafted and e-mailed to Plaintiff by persons employed by JAFFE as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

37.    The 11/11/2014 Letters were sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

38.    The 11/11/2014 Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

39.    The 11/11/2014 Letters were specifically addressed to Plaintiff and no one else, and it required Plaintiff to personally sign and return JAFFE's 11/11/2014 Letters if he agreed to the proposed settlement.

40.    Plaintiff was the intended recipient of JAFFE's 11/11/2014 Letters.

41.    Plaintiff's counsel in the Amex Collection Lawsuits simply served as the medium through which the 11/11/2014 Letters were conveyed and delivered to Plaintiff.

42.    Plaintiff's counsel in the Amex Collection Lawsuits is not an accountant, and was neither hired to provide, nor render tax advice as it is outside the scope of his services.

43.    Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, or misleading statements in connection with the collection of a debt. Section 1692e(10) of the FDCPA further prohibits a debt collector from using false representations or deceptive means to collect a debt alleged due.

44.     Advising Plaintiff that JAFFE'S client, American Express, "*is required* to file a form 1099C with the Internal Revenue Service for any cancelled debt $600 or more" is false, deceptive, and misleading, in violation of the FDCPA.

45.     Internal Revenue Code 26 U.S.C. § 650P as further defined and clarified by the Treasury Regulation 1.6050P-1 (a)(1), states "a discharge of indebtedness is deemed to have occurred … if and only if there has occurred an identifiable event described in paragraph (b)(2) of this section." Paragraph (b)(2)(F) of that section defines an "identifiable event" as "[a] discharge of indebtedness pursuant to an agreement between an applicable entity and a debtor to discharge indebtedness at less than full consideration." 26 C.F.R. § 1.6050P-1(b)(2)(F).

46.     However, Treasury Regulation 1.6050P-1, outlines certain exceptions to the § 6050P reporting requirement. 26 C.F.R. § 1.6050P-1(d). The most pertinent of these eight exceptions for the present case are §§ 1.6050P-1(d)(2) and (3), which reads:

(2)    <u>Interest</u>. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.

(3)    <u>Non-principal amounts in lending transactions</u>. In the case of a lending transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

It is entirely possible to forgive $600 or more of the debt and yet not be required to file a 1099C.

47.     15 U.S.C. § 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt. Advising Plaintiff that the Internal Revenue Service expressly "requires" American Express "to file a form 1099C with the Internal Revenue Service *for any cancelled debt $600 or more*" is thus false,

deceptive, and misleading in violation of the FDCPA.

48.     The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what the debt collector claims is owed.

49.     The 11/11/2014 Letters violated 15 U.S.C. §§ 1692e, 1692e(l0), and 1692e(5) by threatening to engage in an act which is legally prohibited. JAFFE's statement that, "American Express *is required* to file a form 1099C with the Internal Revenue Service *for any cancelled debt $600 or more*," as contained within the 11/11/2014 Letters, could be read by the least sophisticated consumer, as a threat to engage in an act that is legally prohibited. Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an identifiable event described in paragraph (b)(2) of that section.

50.     Here, there is no basis to conclude that a triggering event has or will ever occur requiring American Express to file a Form 1099C.

51.     The gratuitous reference in a collection letter that a collector's client will send the consumer an IRS Form 1099C for him to include with his income tax is a collection ploy which suggests to the least sophisticated consumer that s/he could get in trouble with the IRS for refusal to pay the debt.

52.     The 11/11/2014 Letters violated 15 U.S.C. § 1692e, and 1692e(10), by falsely representing that "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt $600 or more." Such a statement is objectively false. The law prohibits the reporting of information about the consumer on a 1099C form unless certain "identifiable events" occur, none of which are applicable to Plaintiff.

53.     The 11/11/2014 Letters are false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099C Form may be reported to the IRS.

54.     The language in the 11/11/2014 Letters is false and deceptive in that it does not explain that JAFFE's client is prohibited from sending the Plaintiff an IRS 1099C Form unless and until both Plaintiff and JAFFE have reached an "agreement" on the amount of the debt and the nature of the amount that is actually being discharged.

55.     The 11/11/2014 Letters are false, deceptive, and misleading in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on the difference between what JAFFE claims is owed and what the consumer agrees to pay.

56.     The 11/11/2014 Letters are false, deceptive, and misleading in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on any forgiven amount of $600 or more without disclosing that form 1099C is only issued for principal forgiveness—not interest forgiveness.

57.     The 11/11/2014 Letters do not indicate how much of the current debt is interest and how much of it is principal.

58.     The 11/11/2014 Letters fail to disclose to consumers that there is a distinction between principal and interest.

59.     The false statements are made to mislead the consumer as to the impact of attempting to settle the matter for less than what the Defendant claims is owed.

60.     Said letters violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692e(5) by threatening to engage in an act which is legally prohibited. JAFFE's statement that, "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt $600 or more," as contained within the 11/11/2014 Letters, could be read by the least sophisticated consumer, as a threat to engage in an legally prohibited act. The language falsely indicates that unless the consumer paid the full amount that JAFFE alleges is owed, American Express will unilaterally engage in conduct that is prohibited by law.

61. JAFFE's actions as described herein also violate 15 U.S.C. § 1692e(8), in that the language contained within the said letters is a threat to report information that JAFFE knows, or should have known to be false. American Express is not permitted to file a 1099C tax form relating to a consumer unless certain "identifiable events" occur. The threat to file such 1099C tax forms without regard for said "identifiable events" is a violation of 15 U.S.C. § 1692e(8). The least sophisticated consumer could read this letter to mean that American Express will report to the IRS that the entire difference between what JAFFE and American Express says is owed, and what the Plaintiff pays, is taxable. JAFFE's letter fails to disclose to consumers that there is a distinction between principal and interest.

62. The 11/11/2014 Letters impermissibly give consumers objectively false, deceptive, and misleading tax advice.

63. The 11/11/2014 Letters could mislead the least sophisticated consumer that unless the consumer pays the entire amount that JAFFE alleges is owed on debt, that the consumer will be reported to the IRS.

64. The 11/11/2014 Letters could mislead the least sophisticated consumer into believing that unless the consumer pays the entire amount JAFFE alleges is owed for the debt, the consumer will be required to pay taxes on the entire unpaid balance.

65. JAFFE voluntarily chooses to give the tax advice found in the 11/11/2014 Letters. No tax law or regulation obligates JAFFE to include the notice regarding tax form 1099C in its collection letters.

66. It is false, deceptive, and misleading for JAFFE to give erroneous and/or incomplete tax advice to consumers regarding 1099C tax forms.

67. The 11/11/2014 Letters fail to disclose to consumers that there is a distinction between principal and interest.

68.     Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. *Kuehn v. Cadle Co.*, 2007 U.S. Dist. LEXIS 25764 (M.D. Fla., April 6, 2007) (This includes a statement that a 1099 must be issued when a 1099 is not required.); *Wagner v. Client Services, Inc.*, 2009 U.S. Dist. LEXIS 26604 (E.D. Pa., March 26, 2009). Many classes have been certified concerning these claims. *See Sledge v. Sands*, 182 F.R.D. 255 (N.D. Ill. 1998) (class certified); and *Follansbee v. Discover Fin. Servs.*, 2000 U.S. Dist. LEXIS 8724 (N.D. Ill. June 14, 2000) (Granting final approval of the proposed class action settlement and application for attorney fees and incentive award for confusing debt collection letter about canceled debt tax liability.)

69.     The 11/11/2014 Letters violated 15 U.S.C. § 1692e, by falsely representing that "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt $600 or more." Such a statement is objectively false. If $600 or more is forgiven, it may **not** be reported to the IRS. Said letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099C Form may be reported to the IRS.

70.     A case precisely on point is *Wagner v. Client Servs.*, 2009 U.S. Dist. LEXIS 26604, 2009 WL 839073 (E.D. Pa. Mar. 26, 2009). There, the defendant, Client Services, Inc., sent a letter to the plaintiff regarding a debt allegedly due to Citibank that stated: "If the amount written-off is equal or greater than $600.00, our client is required by the Internal Revenue code, section 6050P, to report this amount and issue a form 1099C." Defendant's motion to dismiss was denied because: **"By failing to attribute the nature of the debt that may be discharged to principal and non-principal amounts, Defendant has not shown that its letter is literally true."** *Id*. In *Easterling v. Collecto, Inc.,* 2011 WL 2730924 (W.D.N.Y. July 12, 2011), the Plaintiff had obtained a federally guaranteed student loan in 1987. Although she successfully completed a Chapter 7 bankruptcy in 2001, her outstanding student loan debt was not among the

debts discharged. The debt remained outstanding in 2008 when *Collecto*, a collector hired by the Department of Education, sent the plaintiff a form letter stating "****ACCOUNT INELIGIBLE FOR BANKRUPTCY DISCHARGE**** your account is NOT eligible for bankruptcy discharge and must be resolved. The Plaintiff filed an FDCPA action, contending these statements were false, deceptive or misleading under 15 U.S.C. § 1692e because she could still seek discharge of her student loans by filing a new bankruptcy case or reopening the 2001 bankruptcy, then filing an adversary proceeding to show that repayment would impose an undue hardship.

Although the trial court acknowledged that it was "technically possible" for the Plaintiff to discharge her student loan debt through bankruptcy, that court held that *Collecto's* statements were "not inaccurate." The court noted that the plaintiff failed to seek the discharge of her student loan debt in her 2001 bankruptcy and had not reopened that bankruptcy or filed a new one to seek its discharge. The court also relied on "the difficult nature of prevailing in an undue hardship adversary proceeding." The Second Circuit reversed, recognizing that the plaintiff retained her right to seek to discharge her student loan in bankruptcy and that her circumstances could change so that she could meet the undue hardship standard. *Easterling v. Collecto, Inc.*, 692 F.3d 229 (2d Cir. 2012). The Second Circuit held that *Collecto's* statement was "false on its face" and "fundamentally misleading in that it suggests that the debtor has no possible means of discharging her student loans in bankruptcy. *Id.* at 235.

The Second Circuit held that despite the "steep procedural and substantive hurdles standing in the way" of a debtor who seeks to discharge student loans in bankruptcy, a representation that a student loan debt is "NOT eligible" for a bankruptcy discharge is both false and misleading under the Fair Debt Collection Practices Act (FDCPA). *Id.*

The Second Circuit's reversal in *Easterling v. Collecto, Inc.* reaffirms that the FDCPA's

least sophisticated consumer test is an "objective inquiry" that neither requires a showing of actual deception, nor pays attention to the circumstances of the particular debtor in question. The Second Circuit emphasized that the district court's almost exclusive reliance on the plaintiff's individual circumstances was an error. The Second Circuit instead defined the "operative inquiry" as "whether the hypothetical least sophisticated consumer could reasonably interpret the collection letter … as representing, incorrectly, that the debtor is completely foreclosed from seeking a bankruptcy discharge of the debt."

As the Second Circuit has held in *Easterling v. Collecto, Inc.,* the operative inquiry in this case is whether the hypothetical least sophisticated consumer could reasonably interpret the 11/11/2014 Letter's statement that **"The Internal Revenue Service requires financial institutions to file a form 1099C (cancellation of debt) to report the discharge of indebtedness in excess of $600.00."** was representing, incorrectly, that the debtor is completely foreclosed from obtaining a settlement that includes forgiveness of $600.00 or more *without* the IRS sending the debtor a form 1099C (which would create a tax liability) for the debt in question.

71.    The wording used in the 11/11/2014 Letters is false and misleading because according to 26 C.F.R. § 1.6050P-1(d)(3), "cancellation" of a debt—standing alone—is not a reportable event and would not—by itself—require form 1099C to be filed with the IRS.

72.    Moreover, not only is JAFFE's representation in this regard literally false, it is also fundamentally misleading in that it suggests that the debtor has no possible means of obtaining a settlement which includes a discharge of $600.00 or more without creating a tax liability. This is because the least sophisticated consumer could be led to believe that: (i) unless the consumer pays the **entire** amount that is allegedly owed on the debt, the consumer will be reported to the IRS; and (ii) unless the consumer pays the **entire** amount the letter alleges is

owed for the debt, the consumer will have to pay taxes on the entire unpaid balance.

73.     The capacity of JAFFE'S 11/11/2014 Letters to discourage debtors from accepting a settlement that includes forgiveness of $600.00 or more—without without the IRS sending the debtor a 1099C—renders its misrepresentation as exactly the kind of "abusive debt collection practice" that the FDCPA was designed to target. *See* 15 U.S.C. § 1692(e).

## V.  POLICIES AND PRACTICES COMPLAINED OF

74.     It is JAFFE's policy and practice to send written collection communications, in the form attached as ***Exhibit A***, that violate the FDCPA.

75.     On information and belief, the JAFFE's written communications, in the form attached as ***Exhibit A*** and as alleged in this complaint under the Facts Concerning Plaintiff, number in at least the hundreds.

## VI.  CLASS ALLEGATIONS

76.     This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

77.     Plaintiff seeks to certify one class.

78.     With respect to the Class, this claim is brought on behalf of a class of (a) all persons in the State of New Jersey, (b) to whom JAFFE mailed a written communication that was not returned as undeliverable (c) in connection with JAFFE's attempt to collect a debt, (d) which written communications included a statement that "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt $600 or more," (e) during a period beginning one year prior to the filing of this initial action and ending 21 days after the filing of this Complaint.

79.     The identities of all class members are readily ascertainable from the JAFFE's

business records and the records of its client, American Express, on whose behalf it attempts to collect debts.

80.     Excluded from the Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

81.     There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether JAFFE's written communications, in the form attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e, 1692e(5), 1692e(8), 1692e(10), and/or 1692f.

82.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

83.     The Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

84.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

   (b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether

the JAFFE's written communications, in the form attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e, 1692e(5), 1692e(8), 1692e(10), and 1692f.

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

85.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

86.     Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class

certification using modified definitions of the Class, Class Claims, and the class period, and seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

### VII.  FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

87.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

88.     Defendants violated the FDCPA. Defendants' violations with respect to their written communications, in the form attached as ***Exhibit A*** include, but are not limited to, the following:

(a)     Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(b)     Making false threats to take action that cannot legally be taken and/or that is not intended to be taken in violation of 15 U.S.C. §§1692e and 1692e(5);

(c)     Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. § 1692e(8);

(d)     Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

(e)     Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f.

## VIII.  PRAYER FOR RELIEF

89.    WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Class (defined *supra*) as follows:

**A.**    **For the FIRST CAUSE OF ACTION**:

(i)    An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Class as previously set forth and defined above;

(ii)    An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(iv)    For such other and further relief as may be just and proper.

## IX.  JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

Respectfully submitted,

*s/Yongmoon Kim*

Yongmoon Kim
KIM LAW FIRM LLC

Dated: October 24, 2015

Philip D. Stern
Andrew T. Thomasson
STERN•THOMASSON LLP

*Attorneys for Plaintiff and all others similarly situated*

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

I, Yongmoon Kim, hereby certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I know of no party, other than putative class members, who should be joined in the action at this time.

*In accordance with 28 U.S.C. §1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

<div style="margin-left:40%">

Respectfully submitted,

*s/Yongmoon Kim*
Yongmoon Kim
KIM LAW FIRM LLC

Philip D. Stern
Andrew T. Thomasson
STERN•THOMASSON LLP

*Attorneys for Plaintiff and all others similarly situated*

</div>

Dated: October 24, 2015